[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11816
Non-Argument Calendar

_____

Agency No. A205-697-375

MARCO GRIMALDO-RUBIANO,
RALIA MIGLEYDIS PERAZA-CAMPOS,
ANDRES ALEJANDRO GRIMALDO-PERAZA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 5, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Marco Grimaldo-Rubiano, and his wife and son as derivative beneficiaries,

petition for review of an order affirming the denial of Grimaldo-Rubiano's

applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b)(1), 1231(b)(3)(A). The Board of Immigration Appeals affirmed the finding of the immigration judge that Grimaldo-Rubiano was ineligible for relief under the Act based on his alleged persecution in Venezuela, where he was a naturalized citizen, because he could return to his native county of Colombia. Alternatively, the Board agreed with the finding that Grimaldo-Rubiano failed to prove he suffered past persecution or had a well-founded fear of future persecution in Venezuela. We deny in part and dismiss in part Grimaldo-Rubiano's petition.

Grimaldo-Rubiano challenges the denial of his application based on the finding that he has an alternative country of nationality, but substantial evidence supports the finding that he is a Colombian citizen. An exhibit submitted by the Department of Homeland Security provided that Colombian "citizenship is based upon the Constitution of Colombia, dated July 1991" and quotes the Constitution as stating that "[n]o Colombian by birth may be stripped of his[] nationality . . . [nor] can[] [it] be lost by virtue of acquiring another nationality." Grimaldo-Rubiano stated that he was born on September 29, 1975, to Colombian nationals in Cali, Colombia, and received a Colombian birth certificate; that he used a Colombian passport to enter Venezuela, where he became a naturalized citizen

2

when he was 16 years old; and that he never renounced his Colombian citizenship. That evidence, as the Board ruled, established that Grimaldo-Rubiano "became a naturalized Venezuelan citizen sometime after July 1991, and . . . maintains his citizenship in Colombia."

Grimaldo-Rubiano's Colombian citizenship makes him ineligible for relief under the Act. Grimaldo-Rubiano argues about being denied asylum on the basis he could be removed to a "safe third country," *see* 8 U.S.C. § 1158(a)(2), but Grimaldo-Rubiano was denied asylum because he failed to prove that he was a refugee, *id.* § 1158(b)(1)(A). To qualify as a refugee, a person must be "unable or unwilling to return to, and . . . unable or unwilling to avail himself . . . of the protection of . . . any country of [his] nationality." *Id.* § 1101(a)(42)(A). Grimaldo-Rubiano presented no evidence that he had a well-founded fear of future persecution in Colombia or that the country would be unwilling to offer him protection. *See Matter of B-R-*, 26 I. & N. Dec. 119, 122 (B.I.A. 2013). Grimaldo-Rubiano does not qualify as a "refugee," under section 1101(a)(42)(A), which makes him ineligible for asylum in the United States. Grimaldo-Rubiano also necessarily fails to qualify under the more stringent standards for obtaining withholding of removal and relief under the Convention. *See Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006).

Grimaldo-Rubiano challenges the denial of asylum on three grounds, all of

3

which fail for lack of exhaustion. First, Grimaldo-Rubiano argues that the Department violated regulations in determining his removability, *see* 8 C.F.R. § 1240.10(c), (d), but Grimaldo-Rubiano failed to raise this issue earlier and conceded his removability. Second, Grimaldo-Rubiano argues that the exhibit the Department submitted is "non-authoritative," but he did not object to the exhibit during his removal hearing or question its validity in his appeal to the Board. Third, Grimaldo-Rubiano argues that the immigration judge erred in failing to require the Department to submit "additional arguments and supporting evidence" regarding his Colombian citizenship, but Grimaldo-Rubiano did not present that issue to the Board. "[A]bsent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Grimaldo-Rubiano's petition.

**PETITION DISMISSED IN PART AND DENIED IN PART.**